UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY AVILA,<br><br>                    Plaintiff,<br><br>-against-<br><br>PROMESA, INC.; BASIC, INC; LYMARIS ALBORS, Chief Executive Officer; AJA DOUGLAS, Quality Assurance Director, Supportive Housing; 1412 COL LLC; CAREN ABATE, Director of Housing, NYCFO; OFFICER OF MENTAL HEALTH; JAMAR CROW, Allege Social Worker; CHARLES STATE, Allege Social Worker; JSAF MANAGEMENT; JOSEPH SAFDIE, Founder & CEO,<br><br>                    Defendants. | 1:24-CV-1689 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated May 22, 2024, the Court dismissed this action in which Plaintiff appears *pro se* and proceeds *in forma pauperis* ("IFP"), but granted him 30 days' leave to replead his claims in an amended complaint. (ECF 1:24-CV-1689, 5.) On June 21, 2024, Plaintiff filed an amended complaint (ECF 1:24-CV-1689, 6), which is the operative pleading for this action. Three days later, on June 24, 2024, he filed a letter (ECF 1:24-CV-1689, 7), which the Court construes as a supplement to the amended complaint. In the amended complaint, Plaintiff asserts claims under the Fair Housing Act ("FHA"), the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983. In addition, the Court construes Plaintiff's amended complaint as asserting claims under state law, under the court's supplemental jurisdiction. Plaintiff seeks damages, injunctive relief, and declaratory relief. For the following reasons the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

A.  *Avila v. Acacia Network, Inc.*, 1:24-CV-0884 (LTS) (S.D.N.Y.) ("*Avila I*")

On February 2, 2024, Plaintiff filed a *pro se* action in this court against, among other defendants: (1) Aja Douglas, the Director of Quality Assurance of Supportive Housing of Acacia Network, Inc.; (2) the "New York City Field Office of Mental Health," which the Court understood to be the New York State Office of Mental Health ("NYSOMH"); and (3) 1412 College Avenue, LLC, which the Court understood to be the owner of the apartment building where Plaintiff resides; that action was captioned *Avila v. Acacia Network, Inc.*, 1:24-CV-0884 (LTS) (S.D.N.Y.) ("*Avila I*").

In his original *Avila I* complaint, Plaintiff asserted claims of disability discrimination and claims of retaliation under the FHA, the ADA, and under Section 1983. Plaintiff's claims in his original *Avila I* complaint arose from Plaintiff's entrance into a lease agreement, on January 3, 2024, with Bronx Addiction Services Integrated Concept Systems, Inc. ("Basics"). Plaintiff alleged that he was forced to enter into that agreement under duress, and that the agreement was illegal because, in that agreement, Basics stated that it would discontinue providing Plaintiff with social services. Plaintiff also alleged that he had been retaliated against by the defendants for succeeding in a previous legal action, and for complaining about some of them on YouTube, by their inclusion of discriminatory provisions in the abovementioned lease agreement, their reporting of him to Adult Protective Services ("APS"), and by the APS Defendants' attempt to hospitalize him. In an April 15, 2024 order, the Court dismissed *Avila I*, but granted Plaintiff 30 days to replead his claims in an amended complaint. (ECF 1:24-CV-0884, 4.)

On May 13, 2024, Plaintiff filed an amended complaint in *Avila I*. It named, among other defendants: (1) Basics; (2) Douglas; (3) Jamar Crow, a social worker; (4) Charles Staten, another social worker; (5) the NYSOMH; and (6) "1412 Col LLC," which the Court understood to be the owner of the apartment building where Plaintiff resides. He again asserted claims of disability discrimination under the FHA, the Rehabilitation Act, the ADA, and Section 1983.[1] In his amended *Avila I* complaint, Plaintiff accused Douglas of being involved in misrepresentations to police that led to Plaintiff's arrest and hospitalization. He also alleged that Crow and Staten had him arrested for entering his apartment. Plaintiff further alleged that the NYSOMH failed in its oversight with regard to Plaintiff's housing situation and his need for mental-health support. In addition, Plaintiff alleged that 1412 Col LLC had a role in his eviction from his apartment and in other illegal actions. In an order dated August 26, 2024, the Court dismissed *Avila I* without granting Plaintiff further leave to amend. (ECF 1:24-CV-0884, 6.)

In that order, the Court dismissed, without prejudice, Plaintiff's claims against, among other defendants, Douglas, without prejudice to prosecution of his claims against them in *Avila v. Acacia Network, Inc.*, 1:23-CV-7834 (PAE) (KHP) (S.D.N.Y.), and in *Avila v. Acacia Network*, 1:23-CV-10260 (PAE) (KHP), other *pro se* actions that Plaintiff had previously brought that are pending in this court. (*Id.* at 10.) The Court also dismissed Plaintiff's claims of disparate-treatment disability discrimination under the FHA against, among other defendants, Basics, Douglas, Crow, Staten, and 1412 Col LLC, for failure to state a claim on which relief may be granted, because Plaintiff had failed to allege facts showing that his disability was a motivating factor as to any of the alleged conduct underlying his claims of discrimination under the FHA

---

[1] The Court construed Plaintiff's amended *Avila I* complaint as also asserting claims under state law.

4

against those defendants. (*Id.* at 10-11.) The Court further dismissed Plaintiff's claims of disability discrimination under the Rehabilitation Act against, among other defendants, Basics, the NYSOMH, and 1412 Col LLC, for failure to state a claim on which relief may be granted, because Plaintiff only made conclusory allegations without factual support and, thus, did not satisfy the pleading requirements to state such a claim. (*Id.* at 11-12.) The Court additionally construed Plaintiff's claims under the ADA as brought under Title II of that statute (*id.* at 10), and dismissed his claims under that statutory provision against the NYSOMH, for failure to state a claim on which relief may be granted, for the same reason it had dismissed the abovementioned claims raised under the Rehabilitation Act (*id.* at 12-14). As to Plaintiff's claims for damages under Section 1983 and his claims under state law against the NYSOMH and against an NYSOMH official in her official capacity, the Court dismissed them for lack of subject matter jurisdiction and for seeking monetary relief from defendants that are immune from such relief, under the doctrine of Eleventh Amendment immunity. (*Id.* 14-16.) The Court also dismissed Plaintiff's claims under Section 1983 for retrospective declaratory relief against that official, in her official capacity, under the doctrine of Eleventh Amendment immunity, and dismissed his claims under Section 1983 for prospective injunctive relief against that defendant, in her official capacity, for failure to state a claim on which relief may be granted. (*Id.* at 15-16 n.6.) The Court dismissed Plaintiff's claims under Section 1983 against, among other defendants, Basics, Douglas, Crow, Staten, and 1412 Col LLC, for failure to state a claim on which relief may granted, because Plaintiff failed to allege facts showing how those private individuals and private entities acted as state actors when they allegedly violated his federal constitutional rights. (*Id.* 19-21.) The Court declined to consider, under its supplemental jurisdiction, Plaintiff's remaining claims under state law. (*Id.* 21-22.) Plaintiff's appeal of the Court's dismissal of *Avila I* is

pending in the United States Court of Appeals for the Second Circuit. *See Avila v. Acacia Network, Inc.*, No. 24-2752 (2d Cir.).

**B.      The present action**

On March 4, 2024, while *Avila I* was pending in this court, Plaintiff commenced this *pro se* action by filing his original complaint for this action in this court. Plaintiff named in his original complaint for this action, among other defendants, Basics, Douglas, Crow, Staten, 1412 Col LLC, and the NYSOMH, as well as Caren Abate, an NYSOMH official. By order dated May 22, 2024, the Court dismissed this action, but granted Plaintiff 30 days' leave to replead his claims in an amended complaint. (ECF 1:24-CV-1689, 5.) On June 21, 2024, Plaintiff filed an amended complaint in response to that order (ECF 1:24-CV-1689, 6), and three days later, on June 24, 2024, he filed a letter (ECF 1:24-CV-1689, 7), which the Court has construed as a supplement to his amended complaint.

In his amended complaint, Plaintiff names the following defendants: (1) Promesa, Inc. ("Promesa"), a "non-profit organization that may act as the sublessor of Plaintiff's apartment"; (2) Basics, an organization "involved in the management and oversight of various housing programs and [that] receives federal funding"; (3) Lymaris Albors, the Chief Executive Officer of Basics; (4) Douglas, Basics's "Quality Assurance Director, PMP"; (5) "1412 Col LLC," the owner of the building where Plaintiff resides; (6) Caren Abate, Director of Housing of the New York City Filed Office of the NYSOMH; (7) "Officer of Mental Health," which the Court understands to be the NYSOMH; (8) Crow, an "alleged social work[er]" who is employed by Basics; (9) Staten, another "alleged social work[er]" who is also employed by Basics; (10) JSAF Management, the property manager of the building where Plaintiff resides; and (11) Joseph Safdie, "the Founder & CEO of the building where Plaintiff's apartment is located." (ECF 1:24-CV-1689, 6, at 2-4; ECF 1:24-CV-1689, 7, at 2-5.)

Plaintiff asserts claims of discrimination under the FHA, the Rehabilitation Act, the ADA, and Section 1983, seeking injunctive relief, declaratory relief, and damages. He alleges the following: he "resides in a rent-stabilized apartment managed by" Basics, and that "[h]is severe mental and physical health conditions substantially limit major life activities, qualifying him as disabled under relevant federal laws."[2] (ECF 1:24-CV-1689, 6, at 4.) On January 3, 2024, Douglas, with the assistance of 1412 Col LLC and JSAF Management, "refused to comply with [a] relocation agreement after Plaintiff signed his new lease." (*Id.* at 4-5.) "Defendants denied [him] keys to [his] new rent stabilized apartment." (*Id.* at 5.) Basics and Douglas "[n]ever provided [him] with [k]eys on January 3, 2024, during the [l]ease signing . . . in violation of [the] relocation agreement." (*Id.*) Plaintiff was prevented from acquiring the keys to his apartment beginning on November 1, 2023. He seems to allege that Basics withheld the keys until March 20, 2024, when a state court judge ordered Basics to give them to him.[3] Basics is "refusing to collect Plaintiff['s] rent payments and pay [its] portion of the rent since January 3, 2024,"[4] and he has been "partially evicted from" his apartment, which is infested by bed bugs. (*Id.*)

Crow and Staten:

falsely represent[ed] themselves as Plaintiff's social worker[s], [and] misled . . . officers from the [New York City Police Department's] 44th Precinct into

---

[2] Plaintiff has attached to his amended complaint a letter from Hasnain Afzal, M.D., indicating that Plaintiff "has been diagnosed with [s]chizoaffective disorder, bipolar type." (ECF 1:24-CV-1689, 6, at 22.)

[3] Plaintiff alleges that, on February 20, 2024, the defendants also locked him out of his previous apartment located at 1212 Grant Avenue, in the Bronx, New York. (ECF 1:24-CV-1689, 6, at 8.)

[4] Plaintiff alleges that he sues Safdie because of his "role in the refusal to collect Plaintiff['s] rent payments working in concert with [Basics] to [u]nlawfully evict Plaintiff." (ECF 1:24-CV-1689, 6, at 3-4; ECF 1:24-CV-1689, 7, at 4.) Plaintiff also alleges the same of 1412 Col LLC. (ECF 1:24-CV-1689, 6, at 4; ECF 1:24-CV-1689, 7 at 4.) He further alleges that he sues JSAF Management for its role in evicting him and taking other illegal actions against him. (ECF 1:24-CV-1689, 6, at 4; ECF 1:24-CV-1689, 7, at 5.)

arresting Plaintiff for trespassing, breaking and entering, and assault. These charges were predicated on fraudulent claims and a profound misunderstanding or deliberate misrepresentation of Plaintiff's legal right to occupy his apartment.

(*Id.* at 5-6.) That arrest led Basics to "violat[e] the ADA by unnecessarily hospitalizing Plaintiff against his will, exacerbating Plaintiff['s] mental health condition and resulting in severe emotional distress."[5] (*Id.* at 6.) "During that wrongful hospitalization, Plaintiff's apartment was entered without his consent and [his] personal belongings, including $20,000, were stolen." (*Id.*)

Abate and the NYSOMH "fail[ed] to oversee and regulate the actions of their funded agencies adequately [and] neglected their duties to ensure that Plaintiff received the necessary accommodations for his disabilities. This oversight failure led directly to the violations experienced by Plaintiff." (*Id.*) Abate and the NYSOMH were supposed "to relocate [him] from [Basics housing] . . . to another Housing Scatter Site agency that meets [his] medical needs," but they "completely ignored" Plaintiff physician's "medical accommodation request on March 22, 2022."[6] (*Id.* at 8.) "The collective actions of [the] [d]efendants not only breached specific statutes but also represented a systemic failure to protect and uphold the civil rights of a disabled individual, directly leading to unlawful eviction, false imprisonment, and emotional and physical harm to Plaintiff." (*Id.* at 7.)

---

[5] Plaintiff seems to allege that the charges associated with the arrest were dismissed on June 14, 2024. (ECF 1:24-CV-1689, 6, at 8.) He has attached a Certificate of Disposition from the New York Supreme Court, Bronx County, indicating that charges against him were dismissed on May 29, 2024. (ECF 1:24-CV-1689, 6, at 27.)

[6] Plaintiff has attached a March 22, 2022 letter issued by Ted Martynowicz, DO, indicating that Plaintiff "has a chronic infection and likely osteomyelitis of the maxillary (upper dental) bone and will require bed rest for the next 7 days as part of his treatment." (ECF 1:24-CV-1689, 6, at 36.) In the letter, Martynowicz also notes that Plaintiff will "require a safety transfer from BASIC to a ONE BEDROOM apartment at an alternate scatter site." (*Id.*) Plaintiff has also attached a June 15, 2015 letter from Abate, in which she confirms that the NYSOMH "has assisted [Plaintiff] in finding a new housing agency" – Basics. (*Id.* at 20.)

## DISCUSSION

**A.     Possible overlap with Plaintiff's claims in his previously filed pending actions**

The Court understands that Plaintiff, in his amended complaint in this action, is possibly asserting claims either (1) arising from his former residency at 1212 Grant Avenue, in the Bronx, New York, or (2) against Douglas and Abate, or both, that he is also asserting in *Avila*, 23-CV-7834 (PAE) (KHP), and/or in *Avila*, 1:23-CV-10260 (PAE) (KHP), previously filed actions that are pending in this court. Accordingly, the Court dismisses those claims in this action without prejudice to plaintiff's prosecution of any of those claims that have been raised in *Avila*, 1:23-CV-7834 (PAE) (KHP), and in *Avila*, 1:23-CV-10260 (PAE) (KHP).

**B.     Plaintiff's claims of discrimination under the FHA against Promesa, Basics, Albors, Douglas, 1412 Col LLC, Crow, Staten, JSAF Management, and Safdie**

The Court also understands that Plaintiff is asserting claims of disparate-treatment disability discrimination under the FHA against Promesa, Basics, Albors, Douglas, 1412 Col LLC, Crow, Staten, JSAF Management, and Safdie. Plaintiff is familiar with the pleading standard for those types of claims because the Court has previously described it to him in the Court's April 15, 2024 order in *Avila I*. (ECF 1:24-CV-0884, 4, at 7-9.) Indeed, the Court dismissed Plaintiff's claims of disparate-treatment disability discrimination under the FHA in *Avila I* against, among other defendants, Basics, Douglas, Crow, Staten, and 1412 Col LLC, for failure to state a claim on which relief may be granted, because Plaintiff failed to allege facts sufficient to satisfy that pleading standard. (ECF 1:24-CV-0884, 6, at 10-11.)

The Court dismisses Plaintiff's claims of disparate-treatment disability discrimination under the FHA in this action for the same reason it dismissed those claims in *Avila I*. Plaintiff has failed to allege facts sufficient facts to satisfy the applicable pleading standard; he does not provide any facts showing that his disability was a motivating factor for any of the alleged

9

conduct underlying his claims of discrimination under the FHA against Promesa, Basics, Albors, Douglas, 1412 Col LLC, Crow, Staten, JSAF Management, and Safdie. (ECF 1:24-CV-0884, 4, at 7-9; ECF 1:24-CV-0884, 6, at 10-11.) Accordingly, the Court dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.   Plaintiff's claims of disability discrimination under the Rehabilitation Act against Promesa, Basics, the NYSOMH, JSAF Management, and 1412 Col LLC**

The Court also understands Plaintiff's amended complaint as asserting claims of disability discrimination under the Rehabilitation Act against Promesa, Basics, the NYSOMH, JSAF Management, and 1412 Col LLC. The Court explained to Plaintiff the pleading standard for those types of claims against, among other defendants, the NYSOMH and 1412 Col LLC, in the Court's April 15, 2024 order in *Avila I*. (ECF 1:24-CV-0884, 4, at 11-13.) The Court again explained that pleading standard to Plaintiff in its May 22, 2024 order in this action with respect to his claims of disability discrimination under the Rehabilitation Act against Promesa, Basics, 1412 Col LLC, and the NYSOMH. (ECF 1:24-CV-1689, 5, at 7-9.)

In the amended complaint and in its supplement in this action, Plaintiff alleges that Promesa and Basics receive federal funding; he does not allege that with respect to the NYSOMH, JSAF Management, and 1412 Col LLC. (ECF 1:24-CV-1689, 6, at 2-4; ECF 1:24-CV-1689, 7, at 2-5.) As the Court mentioned in its April 15, 2024 order *Avila I*, and in its May 22, 2024 order in this action, the receipt of federal funding by the defendant is a pleading requirement for claims of disability discrimination under the Rehabilitation Act against that defendant. (ECF 1:24-CV-0884, 4, at 11-13; ECF 1:24-CV-1689, 5, at 7-9.) Yet, even if all of the defendants mentioned above have received federal funding, Plaintiff's claims of disability discrimination under the Rehabilitation Act against them still fail because Plaintiff has alleged facts insufficient to satisfy the applicable pleading standard; he does not allege any facts showing

10

that any of these defendants denied him the opportunity to participate in or benefit from its services, programs, or activities, or otherwise discriminated against him, by reason of his disability. (*See id.*). The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**D.      Plaintiff's claims under Title II of the ADA against the NYSOMH**

The Court further understands Plaintiff's amended complaint as asserting claims of disability discrimination under Title II of the ADA against the NYSOMH. As the Court has observed in its April 15, 2024 order in *Avila I*, and in its May 22, 2024 order in this action, such claims have the same pleading standard as claims of disability discrimination under the Rehabilitation Act, with the exception of the abovementioned federal-funding requirement. (ECF 1:24-CV-0884, 4, at 14-15; ECF 1:24-CV-1689, 5, at 10-11.)

The Court dismisses Plaintiff's claims of disability discrimination under Title II of the ADA against the NYSOMH for the same reason it dismissed Plaintiff's claims of disability discrimination under the Rehabilitation Act against the NYSOMH – because Plaintiff has failed to allege facts sufficient to satisfy the applicable pleading standard. Specifically, Plaintiff has failed to allege facts showing that the NYSOMH denied him the opportunity to participate in or benefit from its services, programs, or activities, or has otherwise discriminated against him, by reason of his disability. (*See id.*) Accordingly, the Court dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**E.      Plaintiff's claims under Section 1983 and under state law against the NYSOMH and against Abate, in her official capacity as an NYSOMH official**

Plaintiff seems to assert claims of federal constitutional violations under Section 1983 and under state law against the NYSOMH and against Abate, an NYSOMH official, in her

11

official capacity.[7] In the Court's August 26, 2024 order in *Avila I*, the Court dismissed Plaintiff's claims under Section 1983 and under state law against the NYSOMH, and his claims under Section 1983 for damages and under state law against another NYSOMH official, sued in her official capacity, under the doctrine of Eleventh Amendment immunity. (ECF 1:24-CV-0884, 6, at 14-16.) In that same order, the Court dismissed Plaintiff's claims for retrospective declaratory relief against that NYSOMH official, in her official capacity, under the same doctrine, because such claims did not fall within the exception to Eleventh Amendment immunity articulated in *Ex Parte Young*, 209 U.S. 123 (1908). (*Id.* at 15 n.6.) The Court further dismissed Plaintiff's claims under Section 1983 for prospective injunctive relief against that NYSOMH official, in her official capacity, under *Ex Parte Young*, for failure to state a claim on which relief may be granted. (*Id.*)

With respect to Plaintiff's claims in this action under Section 1983 and under state law against the NYSOMH, a New York State agency, and his claims in this action under Section 1983 for damages and under state law against Abate, in her official capacity, the Court dismisses these claims for the same reason it dismissed those claims against the NYSOMH and against the other NYSOMH official named in *Avila I*, in her official capacity – because of the doctrine of Eleventh Amendment immunity and, thus, for lack of subject matter jurisdiction. (*See id.* at 14-16); 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3). Because Plaintiff's also seeks retrospective declaratory relief against Abate, in her official capacity (*see* ECF 1:24-CV-1689, 4, at 15), under Section 1983, such claims for relief do not fall within the exception to Eleventh

---

[7] Plaintiff asserts that each defendant named in his amended complaint "is sued in their official and individual capacities." (ECF 1:24-CV-1689, 6, at 4; ECF 1:24-CV-1689, 7, at 5.) The Court therefore understands Plaintiff's amended complaint and its supplement as asserting claims under Section 1983 against Abate, a New York State official, in both her official and individual capacities.

Amendment immunity under *Ex Parte Young* (*see* ECF 1:24-CV-0884, 6, at 15 n. 6), and are, therefore, also dismissed under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction, (*see id.* at 16); Fed. R. Civ. P. 12(h)(3). Plaintiff further asserts claims for prospective injunctive relief against Abate, in her official capacity, under Section 1983, specifically, an order directing Abate "to [r]elocate Plaintiff from [Basics housing] to a different [h]ousing agency that is safe and habitable . . . , or provide equitable housing that meets Plaintiff['s] medical needs." (ECF 1:24-CV-1689, 6, at 16.) The Court, however, dismisses these claims, for failure to state a claim on which relief may be granted, for the same reason the Court dismissed Plaintiff's claims under Section 1983 for prospective injunctive relief against the other NYSOMH official, in her official capacity, in *Avila I* – because there is no federal constitutional right to housing benefits or assistance with housing. (*See id.* at 15 n.6); § 1915(e)(2)(B)(ii).

F.      **Plaintiff's claims under Section 1983 against Abate, in her individual capacity**

The Court must also dismiss Plaintiff's claims under Section 1983 against Abate, in her individual capacity. As the Court mentioned in its April 15, 2024 order in *Avila I*, to state a claim under Section 1983 against an individual state actor, a plaintiff must allege facts showing that individual's direct and personal involvement in the alleged violations of his federal constitutional rights. (ECF 1:24-CV-0884, 4, at 17-18.) Plaintiff alleges no facts showing that Abate was directly and personally involved in any alleged violations of Plaintiff's federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against Abate, in her individual capacity, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

G.      **Plaintiff's claims under Section 1983 against the remaining defendants**

To the extent that Plaintiff asserts claims of federal constitutional violations under Section 1983 against the remaining defendants – Promesa, Basics, Albors, Douglas, 1412 Col

13

LLC, Crow, Staten, JSAF Management, and Safdie – the Court must dismiss those claims. In its August 26, 2024 order in *Avila I*, the Court dismissed Plaintiff's claims under Section 1983, including such claims against, among other defendants, Basics, Douglas, Crow, Staten, and 1412 Col LLC, for failure to state a claim on which relief may be granted, because Plaintiff had not alleged facts sufficient to show that any of the private individual or private entity defendants, including the defendants listed above, acted as a state actor when he, she, or it allegedly violated Plaintiff's federal constitutional rights. (ECF 1:24-CV-0884, 6, at 19-21.)

The same reasoning applies here. All of these defendants are private individuals or private entities, and Plaintiff alleges nothing to suggest that any of them was acting as a state actor when he, she, or it purportedly violated his federal constitutional rights. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### H.     Plaintiff's remaining claims under state law

The Court understands Plaintiff's claims under state law as brought under the court's supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of Plaintiff's claims under state law that have not already been dismissed in this order. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances

in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

I.   **Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if it would be futile or when the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has failed to cure the deficiencies mentioned in the Court's May 22, 2024 order in this action, and because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   October 25, 2024
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge